IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>DEANDRE JACOBY THIBODEAUX | No. 1:16-CR-65 |

**REPORT AND RECOMMENDATION DENYING DEFENDANT'S MOTION**

Pending is the Defendant, Deandre Jacoby Thibodeaux's, *Pro Se Motion for Time Served* filed on September 21, 2023.  (Doc. No. 69.)  This motion was referred to the undersigned by The Honorable United States District Judge Marcia Crone for consideration and disposition.  S*ee* 28 U.S.C. § 636(b)(1)(B); E.D. Tex. Crim. R. 59(d).  The undersigned has reviewed the relevant law and recommends denying Thibodeaux's motion.

On October 4, 2022, Thibodeaux was sentenced to 10 months of imprisonment for violating the terms of his supervised release.  (Doc. No. 66.)  He seeks clarification whether his term of imprisonment is to run consecutively or concurrently with his anticipated state sentence.[1]

Title 18 U.S.C. § 3584(a) provides, in relevant part, that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  The judgment for Thibodeaux's supervised release revocation states that he is "hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 10 months."[2]  (Doc. No. 66, p. 2.)  It does not specify whether the sentence will run

---

[1] Thibodeaux claims that he was initially arrested on May 25, 2022, for supervised release violations on his federal case and remains imprisoned at the Jefferson County Correctional Facility since October 7, 2022.  He alleges that he is awaiting trial on state charges.  (Doc. No. 69, p. 1.)

[2] The judgment was signed by Judge Crone and docketed on October 4, 2022.

concurrently or consecutively to his anticipated state sentence. Because Judge Crone did not specify that Thibodeaux's sentence was to run concurrently with the yet-to-be-pronounced state sentence, the effect of the court's judgment is that it will be served consecutively with any state court sentence. *See* 18 U.S.C. § 3584(a). Accordingly, the undersigned recommends denying Thibodeaux's *Pro Se Motion for Time Served* (Doc. No. 55).

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); E.D. Tex. Local R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 24th day of October, 2023.

_____
Zack Hawthorn
United States Magistrate Judge